IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J. HEGLER,

    Petitioner,                  No. 2:10-cv-03235-KJM-GGH P

    vs.

GARY SWARTHOUT, Warden,        FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

Introduction

        Petitioner is a California state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed, pursuant to the mailbox rule, on November 24, 2010.  Petitioner alleges that prison officials violated his due process and equal protection rights by unlawfully "stacking" his disciplinary violations, and then by failing to adjudicate his untimely appeals of the disciplinary rulings.

        Pending before the court is respondent's motion to dismiss under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  Respondent alleges

---

[1] Technically, Rule 4 is reserved for the court's summary review of a petition on its merits. However, longstanding practice authorizes respondent's motion to dismiss on the grounds presented.

1

that the action is barred by the statute of limitations, and that the claims raised are either unexhausted or procedurally barred.  After carefully considering the record, the undersigned recommends that the respondent's motion be granted.

Background

Petitioner is a California state prisoner serving a sentence of 25 years to life, plus two years, following his 1985 conviction for homicide with use of a weapon in violation of C.P.C. 187.  Doc. No. 1 at 1, 3.  He is currently housed at California State Prison, Solano.  Id. at 1.  Petitioner alleges that, during a cell search conducted on November 11, 2008, a corrections officer found and confiscated three prohibited items: (1) a cell phone; (2) a Bic lighter; and (3) three $100 bills.  Id. at 13.  Petitioner admitted ownership of all three items.  Id.  The corrections officer issued three separate Serious Rule Violation Reports, one for each of the prohibited items.  Doc. No. 12, Ex. 1, at 25-28.[2]

In November and December 2008, petitioner pled guilty to each of the charges.  Id.  He was found guilty, and assessed a 30 day loss of credits for each violation.  Id.

Any appeal of the disciplinary rulings was due within 15 days of the action or decision being appealed.  See, e.g., Operations Manual, Department of Corrections and Rehabilitation, § 54100.4.  Acceptance of an appeal request beyond the 15-day policy is "at the discretion of the appeals coordinator."  Id.

On June 10, 2009, after the 15 day period had expired, petitioner filed an administrative appeal with the prison Appeals Coordinator.  Doc. No. 12, Ex. 1, at 29-32. He acknowledged that the appeal was late, but claimed that he was unaware of the legal bases for his appeal until June 2009.  Id.  Petitioner raised three arguments: (1) under People v. Jack, 213 Cal.App.3d 913 (1989), an illegal sentence could be corrected at any time; (2) under People v. Deloza, 18 Cal. 4th 585 (1998), the three charges arising from the single cell search were an

---

[2] Citations are to page numbers assigned by CM/ECF.

impermissible "multiple punishment" under Cal. Penal Code § 654; and (3) the correction officer's decision to issue three rule violation reports based on a single cell search violated a Department of Corrections memorandum, dated June 23, 1998, which defined "stacking." Id. Petitioner did not explain how he only came to discover the cited authorities, dated 1981 and 1998, in June 2009, or otherwise offer any explanation or further information about his failure to comply with the 15 day appeal deadline. See id.

On June 12, 2009, the Solano Appeals Coordinator rejected the appeal as untimely. Doc. No. 12, Ex. 1 at 36. On October 9, 2009, the Inmate Appeals Branch rejected petitioner's third level appeal, because the second level appeal had been rejected as untimely. Id. at 42. Petitioner re-submitted his appeal to the Solano Appeals Coordinator, who, on October 27, 2009, again rejected his appeal as untimely. Id. at 46. Petitioner again attempted to obtain third level review, arguing to the Inmate Appeals Branch that, under the California Code of Regulations Rules of Construction, the time limits for filing an appeal were directory and that failure to meet the deadline did not preclude review. Id. at 48-49. On January 5, 2010, the Inmate Appeals Branch rejected petitioner's appeal, finding again that his appeal had previously been rejected at the institution level.

On March 11, 2010, petitioner filed a petition for habeas corpus in the Superior Court of Solano County, alleging that prison officials violated his due process and equal protection rights by stacking his rules violations, and also by rejecting his untimely appeal. Doc. No. 12, Ex. 1. On May 13, 2010, the superior court denied the petition, finding, inter alia, that petitioner had failed to exhaust his administrative remedies and that his appeal to the Solano Appeals Coordinator was untimely. Doc. No. 12, Ex. 2. The superior court further found that, while Department officials have discretion to hear an untimely appeal, the record reflected that, in this case, the Inmate Appeals Branch exercised its discretion to reject petitioner's request. Id.

On July 19, 2010, petitioner raised his claims in a petition for writ of habeas corpus filed in the state Court of Appeal, which was summarily denied on August 4, 2010. Doc.

1  No. 12, Exs. 3, 4.

2  On August 20, 2010, petitioner filed a petition for writ of habeas corpus in the
California Supreme Court. Doc. No. 12, Ex. 5. On October 27, 2010, the California Supreme
Court denied the petition, citing In re Dexter, 25 Cal. 3d 921 (1979). Doc. No. 12, Ex. 6.

On November 24, 2010, petitioner filed the current petition.

Discussion

This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is not limited to immediate release from unlawful confinement, but rather is available to attack future confinement and obtain future releases. See Preiser v. Rodriquez, 411 U.S. 475, 487, 93 S.Ct. 1827 (1973); see also Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986)[3] ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief."). A prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact the duration of the prisoner's confinement. Preiser at 487-88 (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself"). In dicta, the court in Preiser noted that such a challenge is permissible even if restoration of the credits would not result in the prisoner's immediate release from prison. Id.

28 U.S.C. § 2244(d)(1) sets forth the relevant statute of limitations:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of–

---

[3] Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, the limitations period begins running on the date that the petitioner's direct review becomes final, pursuant to subsection (d)(1)(A). In a situation like this, however, where the petitioner is challenging a prison disciplinary conviction, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences, pursuant to subsection (d)(1)(D), when the final administrative appeal is denied. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that statute of limitation does not begin to run until petitioner's administrative appeal has been denied); Redd v. McGrath, 343 F.3d 1077, 1081-83 (9th Cir. 2003) (holding that denial of inmate's administrative appeal was the "factual predicate" of inmate's claim that triggered commencement of limitations period).

In this case, petitioner challenges three separate Rules Violation Reports, dated November 25, 2008; December 7, 2008; and December 10, 2008. Petitioner did not file timely administrative appeals of the Reports, which were due to prison officials within 15 days. Respondent argues that, because petitioner failed to utilize the available administrative appeal process, the limitations period should commence from the date petitioner received a copy of the disciplinary officers' decisions.

Generally, the date of a petitioner's "factual predicate" is determined by inquiring when a petitioner could have learned of the factual basis for his claim through the exercise of due diligence. See Redd v. McGrath, 343 F.3d at 1082. In this case, petitioner did not take a timely

5

appeal of the rules violation decisions, and accordingly the Rules Violation Reports provided to petitioner on November 25, 2008; December 7, 2008; and December 10, 2008, were "final" administrative decisions. Therefore, for any claims arising out of the disciplinary proceedings, the limitations periods began to run on November 26, 2008; December 8, 2008; and December 11, 2008, respectively.

      Petitioner's federal petition challenging the disciplinary decisions was accordingly due no later than December 11, 2009, one year after the last final administrative decision. However, petitioner did not file his federal petition until November 24, 2010. Petitioner's first intervening state court habeas petition was not filed with the Superior Court until March 11, 2010, beyond the one year limitation, and it therefore cannot resuscitate the expired period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, petitioner's challenge to his three disciplinary convictions is untimely, and should be dismissed.[4]

      Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2011

                    /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

GGH:rb - hegl3235.fr

---

[4] The court need not rule on any other grounds for dismissal.